OPINION
{¶ 1} Defendant, John P. Adkins, appeals from his convictions for sexual battery, R.C. 2907.03, and unlawful sexual conduct with a minor, R.C. 2907.04, and the sentences imposed on those offenses pursuant to law.
 {¶ 2} Each of the two offenses of which Defendant was convicted is a felony of the third degree, for which the maximum sentence allowed by law is five years imprisonment. R.C.2929.14(A)(3). The court imposed a sentence of four years for each offense, to be served consecutively for an aggregate term of eight years.
 {¶ 3} Defendant presents three assignments of error on appeal. The first concerns his standing to appeal pursuant to R.C. 2953.08(C), and requires no response. The second and third assignments of error argue that the trial court erred as a matter of law when it imposed consecutive sentences, and is reviewed pursuant to R.C. 2953.08(A)(4).
 {¶ 4} Defendant argues that the trial court erred when it imposed consecutive sentences absent the particular findings required by R.C. 2929.14(E)(4). The record reflects that the findings were not made.
 {¶ 5} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, which was decided on February 27, 2006, the Supreme Court held the finding requirements of R.C. 2929.14(E)(4) unconstitutional on the principles announced in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. Id., at ¶ 67. The Court further held that any case in which sentences were imposed in violation of the Blakely principles and that was pending on direct review when Foster was decided must be remanded to the trial court for resentencing, free of theBlakely error. Id., at ¶ 104.
 {¶ 6} Defendant filed his notice of appeal on November 21, 2005, and his appeal was therefore pending on direct review whenFoster was decided. However, not having made the findings required by R.C. 2929.14(E)(4), the trial court cannot have committed a Blakely error when it imposed consecutive sentences. Nevertheless, because the court failed to make the findings it was required by law to make when the consecutive sentences were imposed, the consecutive sentences were necessarily imposed contrary to law and must be vacated. R.C.2953.08(G)(2)(b). The State concedes the error in its brief on appeal.
 {¶ 7} The second and third assignments of error are sustained. The sentences imposed on Defendant-Appellant's two convictions will be vacated, and the matter will be remanded to the trial court for resentencing pursuant to Foster.
Fain, J. and Donovan, J., concur.